**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

GARGANUS T. MOORE,                                    )
                                                       )
                              Plaintiff,               )
                                                       )
              vs.                                      )        Case No. 2:15-cv-00263-WTL-WGH
                                                       )
LT. PETTY, GARLAND, SPURLIN, C.                        )
KINNAMAN, SGT. JOYNER, D.                              )
THOMSON, GIBBY,                                        )
                                                       )
                              Defendants.              )

**Entry Discussing Complaint, Dismissing Certain Claims**
**and Directing Further Proceedings**

**I.**

The claim in this action is that defendants Lieutenant Petty, Garland, Spurlin, C. Kinnaman, Sergeant Joyner, D. Thomson, and Gibby violated Mr. Moore's Eighth Amendment rights on July 29, 2015, by providing him with razors (or failing to ensure that his razors were confiscated). This claim was severed from the other claims raised in case number 2:15-cv-260-JMS-MJD.

**II.**

Prior to the severance of the claim identified above into this case, plaintiff Garganus Moore filed the required documents to demonstrate that he is entitled to proceed *in forma pauperis.* Therefore, Mr. Moore may also proceed *in forma pauperis* in this action. As in case number 2:15-cv-260-JMS-MJD, he is assessed an initial partial filing fee of Three Dollars and Forty Cents ($3.40). He shall have **through September 28, 2015**, in which to pay this sum to the clerk of the district court.

### III.

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007). In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

"[I]n certain limited circumstances the Constitution imposes upon the State affirmative duties of care and protection with respect to particular individuals." *DeShaney v. Winnebago County Dept. of Social Services,* 489 U.S. 189, 198 (1989). "The affirmative duty to protect arises not from the State's knowledge of the individual's predicament or from its expressions of intent to help him, but from the limitation which it has imposed on his freedom to act on his own behalf." *Id.* at 200. Thus, society must be prepared to pay a price for depriving those convicted of crimes of their liberty. A prisoner's conditions of confinement, at least as pertinent here, are constrained by the Eighth Amendment's proscription against the imposition of cruel and unusual punishments. *Helling v. McKinney*, 113 S. Ct. 2475, 2480 (1993)("It is undisputed that the treatment a prisoner

receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). One aspect of this Eighth Amendment protection requires prison officials to "'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan,* 511 U.S. 825, 832-33 (1994) (quoting *Hudson v. Palmer,* 468 U.S. 517, 526-27 (1984)); *Boyce v. Moore,* 314 F.3d 884, 891 (7th Cir. 2002).

Mr. Moore alleges that his Eighth Amendment rights were violated by the delivery of Bic razors as part of his commissary order. Mr. Moore explains that in April 2015 he was placed in a housing unit called CCU because he threatened to kill himself. Mr. Moore alleges that on July 29, 2015, Mr. Garland and Mr. Spurlin delivered Moore's commissary order including food and hygienic products to his cell. The order included one pack of 10 BIC twin blade razors even through offenders housed on CCU mental health unit are not allowed to have razors in their cells, only in the shower. With the razors in hand, Mr. Moore contemplated suicide and later began cutting his arms and chest. This claim of deliberate indifference to Mr. Moore's conditions of confinement shall proceed as submitted against Mr. Garland and Mr. Spurlin.

Next, Mr. Moore alleges that Lieutenant Petty, C. Kinnaman, Sergeant Joyner, D. Thomson, and Mr. Gibby failed to ensure his safety by not checking (or not reminding others to check) that all metal objects, razors and nail clippers were removed from the commissary boxes as required. Mr. Moore suggests that these defendants should have done more to ensure that Mr. Garland and Mr. Spurlin did not deliver razors and nail clippers to inmates in CCU. These claims are insufficient to state a claim upon which relief may be granted. At most, the allegations suggest that custody staff or supervisors should have ensured that Mr. Garland and Mr. Spurlin did their job properly. There is no allegation that Lieutenant Petty, C. Kinnaman, Sergeant Joyner, D. Thomson, and Mr. Gibby were aware that Mr. Moore had been given razors or that they wanted

him to have these razors in his cell. "*Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), holds that, to show scienter by the deliberate-indifference route, a plaintiff must demonstrate that the public official knew of risks with sufficient specificity to allow an inference that inaction is designed to produce or allow harm." *Vance v. Rumsfeld*, 701 F.3d 193, 204 (7th Cir. 2012). Mr. Moore has not alleged that any of these defendants knew of a substantial risk to those on the CCU was created by the unauthorized delivery of razors in commissary boxes and ignored that risk because they wanted Mr. Moore (or similarly situated persons) to be harmed. *See Board v. Farnham,* 394 F.3d 469, 478 (7th Cir. 2005)("[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.")(quotation marks and citation omitted).

Accordingly, Lt. Petty, C. Kinnaman, Sgt. Joyner, D. Thomson and Gibby are **dismissed** from this action. The **clerk is directed to terminate** these defendants on the docket.

## IV.

The clerk shall **issue and serve process** on defendants Mr. Garland and Mr. Spurlin in the manner specified by *Fed. R. Civ. P.* 4(d)(2). Process in this case shall consist of the complaint, applicable forms, and this Entry.

**IT IS SO ORDERED.**

Date: 8/26/15

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

GARGANUS T. MOORE
170307
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Mr. Garland
of Commissary/Pen Products
WABASH VALLEY CORRECTIONAL FACILITY
6908 S. Old US Hwy 41
P.O. Box 500
CARLISLE, IN 47838

Mr. Spurlin
of Commissary/Pen Products
WABASH VALLEY CORRECTIONAL FACILITY
6908 S. Old US Hwy 41
P.O. Box 500
CARLISLE, IN 47838